IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LESLIE WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-2009-STA |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Tennessee Department of Corrections' Motion to Dismiss (D.E. # 6) filed on May 19, 2011. Plaintiff, who is proceeding pro se, has filed a response in opposition. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

According to Plaintiff's Complaint, Plaintiff is employed by Defendant as a correctional teacher at the Northwest Correctional Complex with responsibility for teaching inmates how to pass the GED examination. (Compl. ¶¶ 4, 6.) Plaintiff alleges that Defendant has engaged in unlawful discrimination against him on the basis of his race and in retaliation for Plaintiff's having filed a complaint or a previous lawsuit against Defendant. (*Id.* ¶ 1.)[1] Plaintiff also alleges that he is the victim of a hostile work environment. (*Id.* ¶ 13.) Plaintiff filed a charge with the EEOC on June 8,

---

[1] The Complaint makes reference to his "pro se complaint against the defendant T.D.O.C. in the U.S. District Court, Western Division case # 2:07, (sic) 2634 JPM-dkv." The Court notes that this case was dismissed on September 29, 2011, and is currently on appeal.

1

2009. Plaintiff has attached a copy of his EEOC charge, which indicates that the event forming the basis for his claim occurred on March 2, 2009.[2] Plaintiff alleges that a white correctional officer at the prison failed to respond appropriately when an inmate became hostile in Plaintiff's class and eventually assaulted Plaintiff. (*Id.* ¶ 8.) Plaintiff believes that the white officer failed to act because of Plaintiff's race. (*Id.*) Plaintiff further alleges that the white officer followed correct procedures in other instances when a white correctional teacher or white principal had to deal with a hostile and disruptive inmate. (*Id.* ¶ 9.) In addition to his EEOC complaint, Plaintiff also protested the incident with the school's principal, several wardens at the facility, and the TDOC central office in Nashville. (*Id.*) According to Plaintiff, no corrective action against the white correctional officer was ever undertaken. (*Id.* ¶ 10.) Moreover, the conditions deteriorated to such a degree that Plaintiff had to request that a second correctional teacher accompany him any time he spoke to the school principal. (*Id.*)

Plaintiff further alleges that he received a two-year "write-up" based on an accusation another white correctional officer made against Plaintiff. (*Id.* ¶ 11.) According to Plaintiff, the write-up was issued in retaliation for his complaints about the other white officer's failure to prevent the assault. (*Id.*) Plaintiff has attached a copy of the write-up to his Complaint. The document was written by Brenda F. Jones, deputy warden of the Northwest Correctional Complex, and is dated July 1, 2009. The narrative in the document states that on June 24, 2009, Plaintiff met with Principal Biggers "to discuss with [Plaintiff his] attitude towards Correctional Officers." (Compl., ex. 2,

---

[2] The Court can consider these documents as part of the pleadings pursuant to Rule 10(c) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Therefore, the Court can consider the documents Plaintiff has attached to this Complaint as part of the pleadings without converting Defendant's Rule 12(b)(6) motion to a motion for summary judgment.

Written Warning, July 1, 2009.) Later the same day, a correctional officer appeared at the school to serve a disciplinary document on an inmate who was attending Plaintiff's class. (*Id.*) In front of the entire class, Plaintiff instructed the inmate not to leave the room and not to sign the disciplinary form. (*Id.*) Based on her findings, Deputy Warden Jones concluded that Plaintiff's conduct was "creating disharmony" and "behavior problems" between inmates and staff. (*Id.*) As a result, Deputy Warden Jones issued the written warning to Plaintiff for violation of specified personnel rules and regulations. (*Id.*) The write-up included the following: "Any further occurrences of this type will result in progressive disciplinary action, which may lead up to and include dismissal." (*Id.*) The write-up was to remain in Plaintiff's personnel file for a period of two year as long as Plaintiff did "not accrue any further warnings or disciplinary action for the same deficiency." (*Id.*) The write-up concluded with instructions for seeking further review of the written warning with the TDOC Commissioner. (*Id.*) It appears from the document that Plaintiff refused to sign the write-up. (*Id.*)

Plaintiff filed a charge with the EEOC about the write-up and attached the charge to his Complaint. It also appears that Plaintiff sought review of the reprimand through TDOC. Plaintiff has attached a copy of a letter from Brenda White, Executive Administrative Assistant for TDOC, dated November 4, 2009. (Compl., ex. 3, White Letter, Nov. 4, 2009.) On review, Ms. White determined that the written warning was not warranted but did find cause for a verbal warning. (*Id.*) The review also directed that the write-up be removed from Plaintiff's personnel file. (*Id.*)

Defendant has filed the instant Motion to Dismiss Plaintiff's Complaint. First, Defendant argues that Plaintiff has failed to state a claim for hostile work environment. Defendant contends that Plaintiff has only made conclusory statements about "harassment" and "hostility in the workplace" which are insufficient to state a claim plausible on its face. Second, Defendant argues

3

that Plaintiff has not stated his claim for disparate treatment because Plaintiff has not pleaded any adverse employment decision. Plaintiff did not suffer any loss of pay or status but rather alleges unspecified injuries from an assault and a write-up for interfering with inmate discipline. Also Plaintiff has failed to allege facts to show that he suffered different treatment than a similarly situated employee who is not in his protected class. Finally, with respect to Plaintiff's retaliation claim, Defendant contends that Plaintiff has failed to allege that Defendant was aware of Plaintiff's June 8, 2009 EEOC filing when Defendant issued the written reprimand on July 1, 2009. Plaintiff also fails to allege how the write-up constitutes an adverse employment action or how his protected activity and the reprimand were causally connected. Furthermore, Defendant states that any claim based on the write-up is now moot because the write-up was removed from Plaintiff's personnel file on November 4, 2009. For these reasons, Defendant asks the Court to dismiss Plaintiff's Complaint.

Plaintiff has filed a response in opposition to Defendant's Motion to Dismiss. Plaintiff states in his brief that he was instructed to file his Complaint by the Court in his previous suit against Defendant in order "to show that there has been repeated retaliation, intimidation, harassment within the eight years of his employment." (Pl.'s Resp. 1.) Plaintiff then provides a string citation of cases from various federal courts concerning the scope of claims presented in cases alleging violations of Title VII. Plaintiff has attached to his brief another document styled "The Plaintiff's response to Argument to Dismiss" where Plaintiff provides additional facts about the allegations in his Complaint. Although the Court finds that these additional facts cannot be considered at this stage because they are not part of the pleadings, Plaintiff states that the Court can find further support for his allegations in the record of his previous case against TDOC filed in this District. Furthermore, Plaintiff identifies the officer involved in the assault as Sheila Jones ("Jones"). Plaintiff specifies

that when the inmate became hostile, Jones made the call and reported "it's a fight in the school." According to Plaintiff, such a report would only suggest a fight between inmates, to which other officers would "take their time" in responding. Plaintiff finally avers that the conduct on which the write-up was based never happened.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[3] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[4] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[5]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[7] In order to survive a

---

[3] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[4] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[5] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See also Hensley*

motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

## ANALYSIS

The Court holds that Plaintiff has failed to state his claims with the requisite particularity. The Court will analyze each of Plaintiff's cause of action separately.

### I. Hostile Work Environment

Title VII prohibits discrimination that is "so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment."[10] In order to establish a prima facie case of a race-based hostile work environment, a plaintiff must demonstrate the following elements: (1) that he is a member of a protected class; (2) that he was subjected to unwelcome racial harassment; (3) that the harassment was based on race; (4) that the harassment had the effect of unreasonably interfering with the plaintiff's work performance by creating an intimidating, hostile, or offensive work environment; and (5) the existence of employer liability.[11] The conduct must be so severe or pervasive that a reasonable person would find the workplace

---

*Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[8] *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[9] *Iqbal,* 129 S.Ct. at 1949.

[10] *Hafford v. Seidner,* 183 F.3d 506, 512 (6th Cir. 1999) (quoting *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)).

[11] *Newman v. Fed. Express Corp.,* 266 F.3d 401, 405 (6th Cir. 2001).

hostile or abusive, and that the victim must subjectively regard the workplace as abusive.[12] The Supreme Court has "made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment."[13] Conduct that is "merely offensive" is insufficient to support a hostile work environment claim.[14]

The Court must look at the totality of the circumstances in deciding whether a hostile workplace existed.[15] Appropriate factors to consider include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[16] "Isolated incidents. . ., unless extremely serious, will not amount to discriminatory changes in the terms or conditions of employment."[17] Additionally, the law draws a distinction between harassment and harassment that is based on a plaintiff's protected status.[18] Therefore, only incidents that occurred because of a plaintiff's race are properly considered in the context of a claim of hostile work environment.[19]

Applying these factors, the Court holds that Plaintiff has failed to state a plausible claim for

---

[12] *Bowman v. Shawnee State Univ.,* 220 F.3d 456, 463 (6th Cir. 2000).

[13] *Faragher v. Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

[14] *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

[15] *Hafford,* 183 F.3d at 512.

[16] *Id.* (quoting *Harris,* 510 U.S. at 23).

[17] *Bowman,* 220 F.3d at 463.

[18] *Howard v. Bd. of Educ. of Memphis City Schs.*, 70 F. App'x 272, 282, 2003 WL 21518725, at *8 (6th Cir. 2003).

[19] *Id*. (citations omitted).

hostile work environment. First, Plaintiff has failed to allege any facts to show that the alleged harassment had anything to do with his race. Plaintiff alleges that a white corrections officer failed to respond in the appropriate manner to an inmate who became hostile with Plaintiff. Plaintiff was injured when the inmate eventually assaulted him. Even accepting all of Plaintiff's allegations as true, none of the alleged harassment is facially racial or included any specific reference to Plaintiff's race. There is no allegation that any individual ever made a racial remark to Plaintiff or about Plaintiff. Plaintiff simply alleges his subjective belief that the officer permitted the assault to occur on the basis of Plaintiff's race. More importantly, Plaintiff has alleged only this single incident and a later act of retaliation, events amounting to only "isolated incidents" and not a "severe and pervasive" work environment. While the event Plaintiff describes is clearly violent and particularly troubling in a correctional setting, Plaintiff has simply failed to allege plausible facts to show that it was part of a larger pattern of harassment based on Plaintiff's race. Plaintiff has stated in his response that the Court can look to the facts of his separate lawsuit against TDOC in civil case no. 07-2684-JPM. However, the Court would simply note that summary judgment was granted in favor of Defendant in that case on September 29, 2011. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to this claim.

## II. Race Discrimination

Defendant also argues that Plaintiff has failed to state a claim because his Complaint does not allege all of the elements of a Title VII race discrimination claim. In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (U.S. 2002), the Supreme Court ruled that a complaint for employment discrimination need not include specific facts establishing a prima facie case of discrimination under

8

the *McDonnell Douglas* framework.[20] The Supreme Court stated that *McDonnell Douglas* is an evidentiary standard, not a pleading requirement.[21] Instead claims brought under Title VII are analyzed under the ordinary notice pleading standards set forth in Fed. R. Civ. P. 8(a)(2).[22] That Rule requires that a claim shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[23] The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[24] Applying this standard to the *Swierkiewicz* petitioner's complaint, the Supreme Court found that the complaint "easily satisfie(d) the requirements of Rule 8(a) because it g(a)ve respondent fair notice of the basis for petitioner's claims."[25] The Supreme Court found that the complaint "detailed the events leading to (petitioner's) termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination."[26] In short, the Supreme Court concluded that the complaint gave the defendant fair notice of the claims and the grounds upon which they rested,

---

[20] *Swierkiewicz*, 534 U.S. at 508 (rev'g *Jackson v. Columbus*, 194 F.3d 737 (6th Cir. 1999)).

[21] *Id*. at 510-12 ("Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case. Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases.").

[22] *Id*.

[23] Fed. R. Civ. P. 8(a)(2).

[24] *Swierkiewicz*, 534 U.S. at 512 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

[25] *Id*. at 514.

[26] *Id*. The petitioner in *Swierkiewicz* who was Hungarian alleged that his company which was a French entity discriminated against him on the basis of his national origin.

which was enough to survive a Rule 12(b)(6) motion.[27]

In light of *Swierkiewicz*, the Court concludes that strictly speaking Plaintiff need not plead all of the elements of the prima facie case in order to survive a motion to dismiss.[28] In this regard, Plaintiff's Complaint does give Defendant fair notice of what Plaintiff's claim is and the grounds on which it rests. Nevertheless, Plaintiff has failed to state a claim for disparate treatment upon which relief may be granted against Defendant. Plaintiff's Complaint contains no facts to show that he suffered an adverse employment action for which Defendant should be held liable. The well-pleaded facts of Plaintiff's Complaint show that Plaintiff's theory of disparate treatment is not that Defendant took an adverse employment action against him or that Defendant treated him differently than a similarly situated employee. Instead, Plaintiff alleges that a co-worker, Correctional Officer Sheila Jones, responded differently when Plaintiff was being assaulted than she did when other similarly-situated white employees found themselves in threatening situations. The adverse action Plaintiff complains of then is the assault itself. Plaintiff's brief makes the point clear that the "materially adverse change" in his employment was that he "was injured in the assault" and suffered a "pinched nerve in his neck and right shoulder."[29] The Court holds that Plaintiff has failed to allege

---

[27] *Id*.

[28] The Court would add that other courts have concluded that "a complaint that pleads facts in support [of] each element of a *prima facie* case of discrimination . . . necessarily meets *Iqbal*'s requirement that the complaint show more than the 'mere possibility of misconduct[.]'" *Orozco v. City of Murfreesboro,* No. 09–00752, 2009 WL 4042586, at *3 (M.D. Tenn. Nov. 19, 2009).

[29] Pl.'s Resp. to Argument to Dismiss 2.

that Defendant itself took any adverse employment action against Plaintiff.[30] Fatal to Plaintiff's theory of disparate treatment is his inability to plead facts to show how Defendant would be liable for the conduct of the corrections officer who failed to respond appropriately to the assault. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to this claim.[31]

## III.  Retaliation

Finally, Plaintiff has alleged that Defendant retaliated against him because of his EEOC filing on June 8, 2009. The retaliation took the form of the write-up Deputy Warden Jones issued to Plaintiff on July 1, 2009. Bearing in mind that Plaintiff need not plead all of the elements of his prima facie case, the prima facie case for retaliation includes the following elements: (1) that Plaintiff engaged in protected conduct; (2) that Defendant had knowledge of his protected activity; (3) that Defendant took an adverse employment action against him; and (4) that there was a causal

---

[30] Theoretically, Plaintiff could have held Defendant liable for the assault under any number of theories. For example, Plaintiff may have alleged that Defendant provided adequate security to white teachers but failed to offer Plaintiff the same security measures, thereby resulting in the assault. Or Plaintiff may have alleged that Defendant disciplined correctional officers for not responding correctly when white teachers or employees were assaulted but refused to discipline officers for engaging in the same conduct when Plaintiff was assaulted. Whatever hypothetical disparate treatment theory Plaintiff could have alleged to make Defendant liable for the assault, Plaintiff has failed to plead it here. As a result, Plaintiff has not alleged plausible facts to show his entitlement to relief.

[31] To the extent that Plaintiff's disparate treatment claim could be read to include the disciplinary write-up, Plaintiff's charge with the EEOC states that the write-up was issued in retaliation for Plaintiff's earlier protected activity, not that Plaintiff was the victim of disparate treatment. Furthermore, Plaintiff's recitation of facts in his response to the Motion to Dismiss also states, "This written warning was given to the plaintiff, because he filed a complaint with the E.E.O.C." Pl.'s Resps. to Argument to Dismiss 3. Therefore, the Court holds that Plaintiff's disparate treatment claim is not based on the write-up.

connection between the protected activity and the adverse employment action.[32] With respect to the adverse employment action, the Sixth Circuit has held that "[a] materially adverse employment action in the retaliation context consists of any action that 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"[33] The Sixth Circuit has further recognized a *de minimis* exception to the types of adverse actions that will support a claim for retaliation.[34]

The Court holds that the adverse action alleged in Plaintiff's Complaint, the disciplinary write-up and its subsequent reduction to a verbal warning, amounts only to a *de minimis* action. As a result, Plaintiff has failed to state a claim for retaliation. According to the pleadings, a correctional officer attempted to serve a disciplinary form on an inmate who was in Plaintiff's classroom. Deputy Warden Jones found in her report that Plaintiff had told the inmate not to leave the classroom and not to sign the form. Based on this finding, Deputy Warden Jones concluded that Plaintiff had violated a personnel rule. The deputy warden issued the written warning, and the warning was to be placed in Plaintiff's personnel file for a period of two years and then removed barring any subsequent, related misconduct. Standing alone, the Court finds that the written warning may well

---

[32] *Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).

[33] *Michael v. Caterpillar Financial Services Corp.*, 496 F.3d 584, 596 (6th Cir. 2007) (citing *Burlington Northern & Sante Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006)).

[34] *Keeton v. Flying J, Inc.*, 429 F.3d 259, 266-67 (6th Cir. 2005) (Gilman, J., dissenting); *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000); *Kauffman v. Allied Signal, Inc.*, 970 F.2d 178, 187 (6th Cir. 1992); *Mayers v. Campbell*, 87 F. App'x 467, 471 (6th Cir. 2003) (affirming dismissal of a TDOC employee's Title VII claim for retaliation and holding that delay in removing document from personnel file after discipline was reduced on review was *de minimis*).

have dissuaded a reasonable worker from engaging in protected conduct. Plaintiff has alleged that the warning could have led to his termination, a fact that would support the conclusion that the warning was an adverse employment action.[35]

However, the pleadings also indicate that Defendant provided a procedure by which Plaintiff could appeal Deputy Warden Jones' disciplinary decision. Plaintiff availed himself of this procedure and in a matter of four months had the written warning reduced to a verbal warning. The written warning was removed from Plaintiff's personnel file, and it is not clear whether the verbal warning was even documented in the file. More importantly, Plaintiff has not alleged that the written warning or the verbal warning affected the terms and conditions of his employment. Plaintiff has not alleged that the discipline reduced his pay or benefits or led to a change in his job responsibilities. In light of the fact that the discipline was further reduced after Defendant completed its review of the situation and the fact that Plaintiff does not alleged any economic loss from the discipline, the Court holds that Plaintiff has alleged only a *de minimis* adverse action. Therefore, Plaintiff has failed to state a claim for retaliation.

---

[35] *Accord Tuttle v. Metro. Gov't of Nashville,* 474 F.3d 307, 322 (6th Cir. 2007) (holding that a negative performance evaluation may rise to the level of an adverse action if the employee can "point to a tangible employment action that she alleges she suffered, or is in jeopardy of suffering, because of the downgraded evaluation") (quoting *Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 789 (6th Cir. 2000)).

## CONCLUSION

The Court holds that Plaintiff has failed to state his claims for hostile work environment, disparate treatment, and retaliation. Therefore, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

                                       **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 8, 2012.